MARIE LEWIS, BY NEXT FRIEND, PLAINTIFF-RESPOND-
ENT, v. NATIONAL CASH REGISTER COMPANY, DE-
FENDANT-APPELLANT.

Submitted March 20, 1913—Decided July 1, 1913.

1. Where the defendant entered upon its defence, it is immaterial
whether, when it moved for a nonsuit, plaintiff was entitled to
prevail if it appears that at the close of the case there was any
evidence to warrant the verdict in her favor.

2. A sales agent under a contract which provides that he was to
devote his whole time and best endeavors to the business of the
company and to conform to its rules and regulations, and who
was authorized to employ such salesmen to assist him upon such
terms and conditions as were required by the company, for which
he was to receive a fixed percentage on sales, such agent is a
servant of the company and not an independent contractor,
though the contract required him to pay his own expenses, and
therefore the company is liable for injuries sustained by the
plaintiff through the negligence of such agent in the performance
of his duties.

3. The fact that the sales agent used an automobile for the purpose
of transacting his master's business, it appearing from the con-
tract that it was within the contemplation of the parties that
some sort of conveyance to carry the heavy machines was to be
used, though no particular kind was specified, does not relieve
the master from liability for such agent's negligent operation of
the automobile.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN
and KALISCH.

For the appellant, *Augustus C. Streitwolf, Jr.*

For the appellee, *Hamill & Cain.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff, an infant of tender years, re-
covered a verdict for $2,500 as damages against the appellant,
the defendant below, for injuries sustained by her as a result

of being run into by an automobile propelled and operated by one Pearl Kaler, along a public street of Jersey City, while engaged in his master's business.

The appellant obtained a rule to show cause in the court below why a new trial should not be granted upon the ground that the damages awarded were excessive and reserved to itself two exceptions, embodied in the rule, one of which was to the refusal of the court to grant a motion for a nonsuit on the ground that there was nothing to show that the defendant furnished the automobile or authorized or even knew of its use; and the other that it was not shown that the defendant's alleged agent failed to exercise any duty that he owed to the plaintiff. Upon a hearing of the rule the trial judge gave the plaintiff the option to accept and enter a judgment for $1,250 to save the rule from being made absolute, and the plaintiff having consented to such reduction, judgment was entered therefor. The two exceptions, reserved and upon which the appellant has assigned errors, raise the question whether there was any evidence to be submitted to the jury and from which the jury might have reasonably found that Kaler was the agent of the appellant and was using the automobile in his master's business at the time the plaintiff was injured, it being conceded that the appellant knew that a horse and wagon were being used by Kaler in the transaction of the appellant's business; and that Kaler was guilty of negligence in the running and operating of the automobile at the time the plaintiff was injured.

The appellant having entered upon its defence, it becomes a matter of no consequence whether or not at the time the motion for nonsuit was made and denied that the appellant was entitled to have prevailed, if it appears that there was evidence anywhere in the whole case, from whatever source derived, which would have warranted the findings of the jury. *Essler* v. *Camden, &c., R. Co.*, 42 *Vroom* 180; *Carey* v. *Hamburg-American Packet Co.*, 43 *Id.* 56; *Bostwick* v. *Willett, Id.* 21; *Van Cott* v. *North Jersey Street R. Co., Id.* 229; *Van Ness, Adm'x*, v. *North Jersey Street Railway.* 48 *Id.* 551.

One of the chief defences relied on by the appellant to the plaintiff's right to recover, was its claim that Kaler was an independent contractor.

Kaler was called as a witness for the defence and his testimony taken in conjunction with the contract made between him and the appellant and which contract was offered in evidence by the appellant afforded an ample basis for the inference that he was the agent of the appellant and was engaged in the appellant's business at the time the accident occurred. By the contract it appears that the appellant "constitutes and appoints P. A. Kaler, of New York City, as sales agent for its cash registers and other products, in New York territory, No. 20," and then follows a description of the territory, which includes the place where the accident happened. The contract then provides that Kaler was to devote his whole time and best endeavors to the business of the company, and to conform to its rules and regulations, and he also agreed to employ such salesmen to assist him and upon such terms and conditions as the company might require. He also agreed not to engage in the cash register business after the cancellation of the contract. It was further provided that Kaler was to have a commission on all registers sold for use in his territory, the commission being twenty per cent. of the money received. The appellant reserved to itself the right to fix the amount of commissions allowed on exchanges for new for old machines, and that no sale should be binding without its consent. Kaler was to pay all his own expenses traveling, office or other expenses for which he was to contract in his own name, and under no circumstances to represent the company as responsible therefor. He further agreed to employ no person to assist in the agency except under the written contract, the person employed to be subject to the approval of the company. The contract further provided that the agency should end at the option of either party, by written notice mailed or delivered at the last-known address of the other.

The contract, in its terms, is similar to that passed upon in *Singer Manufacturing Co.* v. *Rahn*, 132 *U. S.* 518, where

it was held that a person serving under such a contract was the servant of the employer, and not an independent contractor.

The Singer contract differed from the contract under consideration in this case, in that the Singer company was to furnish the agent with a wagon, and he the horse and harness, "to be used exclusively in canvassing for the sale of said machines, and the general prosecution of said business," whereas the appellant's contract did not require it to furnish a wagon, and, in fact, is wholly silent on that method of conducting the business. The Supreme Court of the United States, in the Singer case, laid great stress on that part of the contract by which the agent agreed to give his exclusive time and best energies to such business. In the case *sub judice* it appears that the company knew that the agent was using a horse and wagon because it furnished the wagon, though the agent was charged with the rent for it, and it also knew because Kaler himself so testified that he had dispensed with the horse and wagon and was using in their stead an automobile. We are satisfied with the soundness of the view expressed in the Singer case, and its applicability to the facts before us, which results in the conclusion that Kaler was not an independent contractor, but a servant of the appellant for whose negligence, within the scope of his employment, it would be responsible. But it is further urged by the appellant that the use of an automobile by Kaler in his master's business was unauthorized by the contract. It is apparent from a plain reading of the contract that it was fairly within the contemplation of the parties that Kaler was to use some means of conveyance to effectually prosecute the master's business. The appellant would hardly have expected that Kaler was to carry heavy cash registers to customers, or prospective ones, in any other way than by some kind of a vehicle. From Kaler's testimony it appears that the necessities of the appellant's business required the use of some kind of conveyance, not only for the carriage of cash registers but also in bringing prospective purchasers to the place of business, where the appellant's registers were stored, for the purpose of inspection and sale.

The contract required Kaler to devote his whole time and endeavors to the appellant's business, which was of such a nature that the use of a conveyance may be fairly implied, and the fact that it was provided at the expense of the agent did not make it any less necessary in the carrying on of the business, for which he had agreed to pay all necessary expenses.

The fact that Kaler substituted the use of an automobile for the horse and wagon is unimportant. There is testimony tending to establish that the appellant had knowledge of and acquiesced in Kaler's using an automobile in place of a horse and wagon for the purposes of the business, and therefore the appellant's further contention that the use of the automobile in place of a horse and wagon was unauthorized by the company is not sustained.

The only other point reserved by the rule is to the effect that there was no testimony which warranted a jury in finding that Kaler failed to exercise any duty that he owed to the plaintiff at the time of the accident.

There was proof that the automobile was being propelled through a thickly populated public street at a high rate of speed and that the plaintiff, a child of seven years of age, who was then crossing the street, was run into and dragged a distance of about eight or ten feet. We think a jury question as to Kaler's negligence was presented, and therefore the motion to nonsuit the plaintiff upon that ground was properly refused.

Judgment will be affirmed.