WALTER DUNBADEN, PLAINTIFF-RESPONDENT, v. CAS-
TLES ICE CREAM COMPANY, A CORPORATION, DE-
FENDANT-APPELLANT, AND FRED GRUNDMAN AND
JOHN NEWMAN, DEFENDANTS-RESPONDENTS.

Argued October 20, 1926—Decided January 31, 1927.

1. The failure of a jury to return a verdict against the servant in a
   suit against both master and servant based upon the doctrine of
   *respondeat superior,* in which a verdict is returned against the
   master, affords no ground to set aside the judgment rendered
   against the master. Upon the rendition of such a verdict the case
   stands as to the servant as if it had never been tried.
2. A party is debarred from taking the position on appeal that the
   verdict of a jury does not meet the issues submitted to the jury
   by the trial court where he has failed to request the court to
   instruct the jury on the form of the verdict or has failed to
   except to that portion of the court's charge which permitted the
   jury to render the verdict it did.
3. Where a master places at the disposal of his servant an automo-
   bile to be used by the servant in going to and from his work,
   the transportation is beneficial to both, and the relation of master
   and servant continues while the automobile is used for such
   purpose.
4. C., a maker of ice cream, engaged G. to drive its truck over a
   fixed route daily to sell its product. G. was paid a commission
   on each gallon of ice cream sold in lieu of a definite wage—*Held,*
   that the payment of this commission did not make G. an inde-
   pendent contractor.

On appeal from a judgment of the Supreme Court.

For the appellant, *Kellogg & Chance.*

For the plaintiff-respondent, *Frank W. Heilenday.*

For the defendant-respondent Fred Grundman, *Pomerehne,
Laible & Kautz.*

For the defendant-respondent John Newman, *Kinkead &
Klausner.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal by one of the defendants below from a judgment of the Supreme Court. The action was commenced in the Supreme Court and was referred by a justice of the Supreme Court to the judge of the Court of Common Pleas of Union county for trial. The defendants against whom the action was instituted were three in number. They were the Castles Ice Cream Company (the appellant), Fred Grundman and John Newman. The case arose out of a collision of automobiles. On November 4th, 1924 (election day), Grundman was driving a Ford roadster owned by the Castles Ice Cream Company in a northerly direction on St. George avenue, in the city of Rahway. Immediately behind the Ford roadster was a Cadillac car, and behind the Cadillac car was a Ford sedan owned by Walter Dunbaden (the plaintiff below). The two cars last mentioned were being driven in a northerly direction. There were three passengers in Dunbaden's car. On the same avenue the defendant Newman was being driven southwardly by one Coleman in a Buick car owned by Newman. The Ford roadster and Buick car collided as Grundman, who was driving the Ford roadster, was in the act of turning to the left to pass a truck going in the same direction as the Ford roadster. The collision caused the Buick car to swing to the left and strike the Ford sedan driven by Dunbaden (the plaintiff). Newman claimed the collision was due to the act of Grundman. Grundman contended that Newman had caused the collision. Dunbaden and each of the three persons who were passengers in his car instituted suits in which the Castles Ice Cream Company, Grundman and Newman were joined as defendants. Each plaintiff recovered a verdict against the Castles Ice Cream Company. No verdicts were found against Grundman or Newman. The Castles Ice Cream Company has appealed the judgment entered in favor of Dunbaden. The verdict rendered in this action reads as follows:

"We find for the plaintiff and against the defendant Castles Ice Cream Company, a corporation, and assess the

damages of the plaintiff, Walter S. Dunbaden, in the sum of $500, and so say they all."

The grounds of appeal, seven in number, the appellant has elected to argue under four heads. The first point urged for a reversal of the judgment rendered is that it is based upon a verdict which imports repugnant, contradictory and irreconcilable findings, in that the jury rendered a verdict against the appellant, the master, and exonerated the servant, Grundman. It is argued that a verdict which holds the master liable on the doctrine of *respondeat superior* and acquits the servant is equivalent to a finding that no cause of action exists against the master and will not support a judgment against the master. A judgment based on such a verdict, it is insisted, should be set aside or judgment entered for the master notwithstanding the verdict. This view has precedents to sustain it. Some of the leading cases are *Pangburn* v. *Buick Motor Co.*, 211 *N. Y.* 228; *Doremus* v. *Root*, 23 *Wash.* 710; *D. B. Loveman Co.* v. *Bayless*, 160 *S. W. Rep.* 841; *Fimple* v. *Southern Pacific Co.*, 177 *Pac. Rep.* 871; *Williams* v. *Hines, Director General*, 86 *So. Rep.* 695; *Southern Railway Co.* v. *Harbin*, 68 *S. E. Rep.* 1103. In the case last cited the verdict was set aside and a new trial granted.

In other jurisdictions it has been held that in an action against master and servant jointly, based solely upon the doctrine of *respondeat superior*, the master may be held liable although the servant is exonerated. The reason assigned for this rule is that the plaintiff is entitled to the verdict given him by the jury and for the failure of the plaintiff in obtaining a verdict against another equally responsible, the plaintiff may have a grievance but the defendant adjudged responsible has none. The leading cases supporting this view are: *Buskirk* v. *Caudill (Ky.)*, 203 *S. W. Rep.* 864; *Weil* v. *Hagan (Ky.)*, 179 *Id.* 835; *Chesapeake, &c., Railway Co.* v. *Dawson (Ky.)*, 167 *Id.* 125; *Illinois Central Railway Co.* v. *Murphy (Ky.)*, 97 *Id.* 729; *Van Gundy* v. *Packard Motor Car Co. (Kan.)*, 219 *Pac. Rep.* 503.

Some courts have held that the failure of a jury to return a verdict against the servant affords no ground to set aside

a judgment rendered against the master because the verdict which ignores the servant should not be deemed or construed as a finding of absence of negligence on the part of the servant, but should be regarded as no finding as to the servant. Upon the rendition of such a verdict the case stands as to the servant as if it had never been tried, and the master has whatever right he ever had against his servant. It will be observed that the verdict rendered in the present case is silent as to Grundman. We think that such a verdict should be regarded as no finding against him. This view has support in decisions in this state. In *Bon* v. *Eastern Motor Co.*, 94 *N. J. L.* 34, a judgment against the master alone was affirmed.

In *Dumphy* v. *Thompson*, 3 *N. J. Mis. R.* 1086, there was a verdict in favor of the defendant against two of four plaintiffs, and a verdict in favor of two of the plaintiffs. The court said:

"We cannot perceive on what legal principle the defendant can avail herself of the failure of the jury to find a verdict in favor of the infant [plaintiff], and for that reason be entitled to have the verdict in favor of the plaintiffs set aside."

In *Feury* v. *Reid Ice Cream Co.*, 2 *N. J. Mis. R.* 1008, a verdict was rendered against the master alone. The court stated that although the servant was a defendant the situation was as if there had been a mistrial as to the servant and that the master was not injured by the failure of the jury to find the servant guilty. The appellant seeks to distinguish this case from the present by the fact that in the Feury case there was evidence of the defective condition of the brakes of the car for which the servant was not responsible. While this is true, the court would probably, from what it said, have held the same view had there been no evidence in the case of defective brakes. This makes it unnecessary to consider the effect in the present case of the evidence of Grundman's incompetence as a driver, relied on by the respondent to bring the present case in line with the Feury case.

The decisions in this state which tend to support the view of the law on this subject herein expressed are supported by decisions in other jurisdictions. Some of the cases thus holding are: *Benson* v. *Southern Pacific Co.* (*Cal.*), 171 *Pac. Rep.*

948; *Whitesell* v. *Joplin, &c., Railway Co. (Kan.)*, 222 *Id.*
133; *Melzner* v. *Raven Copper Co. (Mont.)*, 132 *Id.* 552;
*Dalby* v. *Shannon and Florence (Va.)*, 124 *S. E. Rep.* 186.

The second point urged for reversal by the appellant is
that the verdict did not meet the issues submitted to the
jury by the trial court. The insistence is that a proper ver-
dict would have stated whether the jury found for or against
the other defendants, Grundman and Newman, and as no such
verdict was rendered, the verdict which was rendered lacked
the necessary responsiveness to the issues. We think the ap-
pellant is debarred from taking this position by its failure to
request the court to instruct the jury to find either for or
against Grundman, and by its failure to except to the portion
of the court's charge which seems to have permitted the jury
to render the verdict it did. This portion of the charge reads
as follows:

"All of these actions are commenced against the Castles
Ice Cream Company, a corporation, Fred Grundman and John
Newman. So, you will be obliged to render three separate
and distinct verdicts—in other words, a verdict in each case,
either for the plaintiffs or the defendants, or for some one
of the defendants, as the case may be  *  *  *."

In *Benson* v. *Southern Pacific Co.*, 171 *Pac. Rep.* 948, the
court said:

"Respondent claims that if the defendants desired to take
advantage of the jury's failure to bring in a verdict for or
against the defendant employe, the attention of the court
should have been called to the matter at the time when
the verdict was rendered in order that it might have been cor-
rected before the jury was discharged.  *  *  *  In the case
of *Van Damme* v. *McGilvray Stone Co.*, 22 *Cal. App.* 191;
133 *Pac. Rep.* 995, the jury brought in a general verdict
against the defendant, but the 'jury declined to answer' the
question specifically submitted as to whether or not the em-
ployes, for whose negligence the plaintiff sought to hold the
defendant, were negligent. It was held that the error was
waived by a failure to request that the jury be directed to
find on that issue. For the same reason it must be held that
the defendants waived the error, if any, committed here."

The third point argued by the appellant is that the trial judge erred in denying its motion for the direction of a verdict. The fourth point is that the trial judge's charge was not in accordance with the law. The appellant argues these two points together. They relate to the relation between the appellant and Grundman. The appellant claims that the evidence adduced showed that Grundman was not an employe of the appellant but an independent contractor, and also, if Grundman's relationship with the appellant was that of master and servant, that at the time of the accident Grundman was not acting as a servant of the appellant. The trial court left it to the jury to determine from the evidence whether Grundman was at the time of the accident the servant or agent of the appellant. We think this was the course which the trial court should have taken. It appeared from the testimony that Grundman each day went from Newark to Perth Amboy where the appellant kept a four-and-one-half-ton truck, which Grundman used to transport ice cream made by the appellant over a route on Staten Island for the purpose of selling it. Grundman received a commission on each gallon of ice cream he sold. At the end of his day's work Grundman would leave the truck at Perth Amboy. He would then take the Ford roadster, which was owned by the appellant and which he was permitted to use, and drive it to Newark, where he lived. The car was kept in an alley near his residence over night and then was driven by Grundman in the morning to Perth Amboy, where he would again use the truck for serving the Staten Island route. There was testimony that immediately after the accident Grundman told an occupant of the plaintiff's car that he was on his way to the Newark plant of the appellant. Even if this were not so and he was en route home, we think the case is governed by the decision of this court in *Depue* v. *Salmon Co.,* *92 N. J. L.* 550, which held that the relation of master and servant continues during the carriage of the servant to and from his work when done by the master, or with his consent, where from the character of the service such transportation is beneficial both to the master and servant. The appellant seeks to distinguish this case from the present case because

in the Depue case the servant was permitted to use the automobile and take it to his home at night in order to reach his place of employment earlier in the morning than he otherwise would, while in the present case there is nothing which makes it appear that it was necessary for Grundman to reach his work earlier than the ordinary business hour. This, it is argued, did not make the transportation of Grundman beneficial to his employer. The transportation, it is insisted, only benefited Grundman. We are not impressed by this argument. It was beneficial to the appellant to have Grundman get to its Perth Amboy plant promptly for the service of his route. This could be better accomplished if Grundman had placed at his disposal an automobile with which to make the trip rather than be dependent upon the service of street railways and steam railroads with the delays incident to such travel. We see no difference in principle between the two cases. We also observe that the appellant's answer admitted that Grundman was driving the automobile as its agent when the collision occurred.

As to Grundman being an independent contractor we find no evidence which would justify the direction of a verdict for the appellant on this ground. The truck used on the route served by Grundman was owned by the appellant. The ice cream served was manufactured and owned by the appellant, not by Grundman. The fact that Grundman's wages were commissions on the amount of the appellant's product sold rather than a fixed salary did not make Grundman an independent contractor. Making an employe's wages contingent upon the amount of business he does is a method frequently taken by an employer to increase trade. It does not affect the relation of master and servant.

Finding no error in the trial the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.