KATHRYN SWARTZ AUER, EXECUTRIX, ETC., OF GUSTAVE S. AUER, DECEASED, RESPONDENT, v. SINCLAIR REFINING COMPANY, A CORPORATION, AND JAMES MacLACHLAN, APPELLANTS.

Submitted February 11, 1927—Decided May 17, 1927.

1. When negligence may reasonably and legitimately be inferred from the evidence, it is for the jury to say whether from such evidence negligence ought to be inferred.
2. On appeals in civil cases at law the court is concerned only with correcting errors in law, and will not consider a ground of appeal that the verdict is against the weight of the evidence.
3. Excluding question to defendant, who was later permitted to testify, in effect, to facts sought to be proved, was not prejudicial error, and therefore will not lead to a reversal.
4. In a damage suit at law, an expert witness may make use of the Carlisle table of mortality for the purpose of showing the

average expectancy of human life, or the present value of the alleged loss of income based on that expectancy, when such matters are factors in the appraisal of damages.

5. The general rule is that while the Carlisle table of mortality is evidential, irrespective of the condition of health of the person whose expectancy of life is the subject of the inquiry, yet, that condition of health must be taken into account in determining the probable duration of such person's life. And where the trial judge so instructs the jury in effect his omission to amplify his instruction upon this particular point is not assignable as error unless such additional instruction be specially requested.

6. The general rule is that in order to hold an employer liable for injuries inflicted by an automobile while being driven by a salesman, the relation of master and servant must exist, and the servant must, at the time, have been acting within the scope of his employment in performing an act for the master's benefit.

7. A salesman was employed by the defendant company to devote his whole time and best endeavors to the sale of the company's products in a specified territory in New Jersey, and was authorized to use in that work his own automobile. The company paid for the upkeep and running expenses of such automobile, besides his salary, and the company retained control and direction of the work by daily communications with him from its New York office—*Held* (1), that such salesman was the servant of the company and not an independent contractor, and therefore the company was liable for the death of decedent sustained through the negligence of such salesman in the performance of his duties —*Held* (2), that such salesman was acting within the scope of his employment, when he hit with his car and killed decedent a few minutes after six P. M., on a public highway, within his territory, at the end of his day's work as he was driving from the point of his last call to the garage at his home where he kept his car.

8. In a suit for the recovery of damages for death caused by the negligent act of the defendant's employe, an instruction that the relation of master and servant existed between the employer and employe, and that such employe was acting within the scope of his employment, was justified, when the uncontradicted evidence produced by the employer itself conclusively established that to be so.

On appeal from a judgment of the Supreme Court (Essex Circuit).

For the appellant, *John A. Matthews.*

For the respondent, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

TRENCHARD, J.    The plaintiff below obtained a verdict against both defendants for damages to compensate her and her children, as the next of kin of Gustave S. Auer, for his wrongful death, which occurred on February 13th, 1925, when struck by an automobile driven on a public highway by the defendant MacLachlan, while in the employ of the defendant Sinclair Refining Company.

This appeal is by both defendants from the judgment entered upon such verdict.

The first point requiring notice is that the trial judge erred in refusing to nonsuit and to direct a verdict for the defendants upon the ground that there was no negligence upon the part of MacLachlan, the driver of the car.

But the evidence tended to show negligence upon his part in respect to the speed and control of the car.    And when, as here, negligence may reasonably and legitimately be inferred from the evidence, it is for the jury to say whether from such evidence negligence ought to be inferred.    *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 606.

The next ground of appeal argued is that the verdict is against the weight of the evidence.    But this does not present any legal error.    And the elementary rule is that on appeals in civil cases at law the court is concerned only with correcting errors in law, and will not consider a ground of appeal that the verdict is against the weight of the evidence.    *Osbun* v. *DeYoung,* 99 *N. J. L.* 204.

The next point is that the trial judge erroneously overruled a question put to the defendant MacLachlan.    But that action, if erroneous, was not prejudicial, because later, during his examination, he was permitted to testify in effect to the facts sought to be proved, and therefore will not lead to a reversal.    *Daylon* v. *Boettner,* 82 *N. J. L.* 421; *Finkelstein* v. *Geismar,* 91 *Id.* 46; *affirmed,* 92 *Id.* 251; *Klie* v. *Hollstein,* 98 *Id.* 473.

The defendants next contend that there was error in the admission of testimony given by an employe of the actuarial department of the Mutual Benefit Life Insurance Company,

the point of the objection being that he was permitted to testify with reference to the Carlisle table of mortality.

We think the evidence was properly admitted. The witness was admittedly qualified as an expert. And in a damage suit at law the rule is that an expert witness may make use of the Carlisle table of mortality for the purpose of showing the average expectancy of human life, or the present value of the alleged loss of income based on that expectancy, when (as here) such matters are factors in the appraisal of damages. *Camden, &c., Railroad Co.* v. *Williams,* 61 *N. J. L.* 646; *Notto* v. *Atlantic City Railroad Co.,* 75 *Id.* 826; *Dickerson* v. *Mutual Grocery Co.,* 100 *Id.* 118; *Steinbrunner* v. *Pittsburgh, &c., Railroad Co.,* 146 *Pa. St.* 504; *Shover* v. *Myrick,* 4 *Ind. App.* 7.

In this connection the defendants contend that the charge of the court "was equivalent to allowing the jury to compute damages on an absolute rule of computation and without regard to any other circumstances of the case." But that contention is ill-founded in point of fact.

The general rule is that while the Carlisle table of mortality is evidential, irrespective of the condition of health of the person whose expectancy of life is the subject of the inquiry, yet that condition of health must be taken into account in determining the probable duration of such person's life. In the present case the trial judge so instructed the jury in effect. The complaint seems to be that he should have amplified that instruction. But his omission to amplify his instruction upon this particular point is not assignable as error unless such additional instruction be specially requested. *Camden, &c., Railroad Co.* v. *Williams, supra; Dickerson* v. *Mutual Grocery Co., supra.* Here no such request was made.

Lastly, the defendant Sinclair Refining Company contends that the trial judge erred in his instruction that the relation of master and servant existed between the two defendants at the time of the accident and that the defendant MacLachlan was acting within the scope of his employment.

In view of the proofs we think that instruction was quite right.

Of course, the general rule is that in order to hold an employer liable for injuries inflicted by an automobile while being driven by a salesman, the relation of master and servant must exist, and the servant must, at the time, have been acting within the scope of his employment in performing an act for the master's benefit. *Long Ben* v. *Eastern Motor Co.,* 94 *N. J. L.* 34.

It is argued that the defendant MacLachlan was an independent contractor. We think he was not. It appeared that MacLachlan was employed by the Sinclair Refining Company to devote his whole time and best endeavors to the sale of the company's products to factories in a specified territory in New Jersey; that he was authorized to use in that work his own automobile; that the company paid him for the upkeep and running expenses of his car weekly, upon production of required vouchers, besides his salary which was paid every two' weeks, and that the company retained control and directed the work by daily telephonic or written communications with him from its New York office. He was, therefore, a servant of the company and not an independent contractor, and the company was liable for the death of decedent sustained through his negligence, in the performance of his duties. *Lewis* v. *National Cash Register Co.,* 84 *N. J. L.* 598.

It is further argued that at the time of the accident the defendant MacLachlan was not acting within the scope of his employment.

But it is clear that he was. The decedent, a pedestrian, was hit and killed by MacLachlan's car while crossing a public highway in East Orange in this state. The accident occurred within the employe's territory, a few minutes after six P. M., at the end of his day's work, as he was driving from the point of his last call to the garage at his home, where he kept his car. *Long Ben* v. *Eastern Motor Co., supra; Lewis* v. *National Cash Register Co., supra.*

The instruction that the relation of master and servant existed between such employer and its employe, and that such employe was acting within the scope of his employment, was quite justified, since the uncontradicted evidence produced by the employer itself established that to be so.

The judgment will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.