Merrimack, }
June 1, 1937. }

WILBUR W. HUTCHINS

*v.*

JOHN HANCOCK MUTUAL LIFE INSURANCE CO. & a.

*Peter J. King, John H. Sanders* and *Robert W. Upton* (*Mr. Sanders* orally), for the plaintiff.

*Demond, Woodworth, Sulloway, Piper & Jones,* and *James B. God-frey* (*Mr. Godfrey* orally), for the defendant.

WOODBURY, J.   In several American jurisdictions liability is imposed upon a master for his employee's negligent operation of his own automobile when it appears that at the time of the negligent act the employee was using his car with the consent, express or implied, of the master and that he was then doing his master's business and acting within the scope of his employment.   For a collection of authorities see 57 A. L. R. 739.   This court, however, in the recent well considered opinion in the case of *McCarthy* v. *Souther*, 83 N. H. 29, declined to follow the above authorities.   In that case we held that, in addition to the foregoing facts, it must appear that the master had control of his employee as to the management and operation of his car before liability may be imposed upon the master under the doctrine of *respondeat superior.*

In the case at bar it is not disputed that at the time when the accident occurred Anderson was using his own car with his master's knowledge and acquiescence upon his master's business and that he was then acting within the scope of his employment.   The sole and

decisive inquiry is whether or not there is evidence in the record from which a jury could find that at the time of the accident Anderson was subject to the defendant's control as to the manner in which he should drive his car.

The plaintiff contends that control over Anderson in this respect can be inferred because it appears that when his employment by the defendant began, its local managerial officers knew that Anderson owned a car which he proposed to use in his work and that they acquiesced in such use of it. The plaintiff also lays stress upon the testimony to the effect that after the accident one of those officers loaned his own personal car to Anderson for his use in covering his territory and that the territory could not be covered effectively without the use of an automobile. The evidence is conflicting as to whether or not the possession of a car by Anderson was a condition of his employment. The plaintiff also emphasizes the great detail in which the defendant could and did dictate to Anderson the precise methods to be employed by him in making his collections and selling new policies of life insurance. This evidence is clearly sufficient to bring the case within the rule established by the authorities cited at the beginning of this opinion but we fail to see how it indicates that the defendant could tell Anderson how he should drive.

On the other hand, it appears that Anderson "owned the car and was entitled to its exclusive possession. So far as appears, his contract of employment gave his employer no right of direction for any use of the car by others, and he was to maintain and run it as his personal affair. The allowance made for expenses implied no right and no liability on the employer's part in respect to its maintenance and operation. No authority for the employer to direct . . . [Anderson] how to run the car is to be inferred from the relations between them, and the employer had no more charge or control over . . . [Anderson's] means and manner of transportation than if the travel had been by train. While the employer might assign the routes and times for . . . [Anderson's] trips with the car, it might not direct how the trips should be made or how the car should be managed. The employer, having no right if present to direct . . . [Anderson] in the way he ran and used the car, is not liable for the way it was run and used. How the car was run was its affair only in the sense of its interest in the results obtained from proper operation, and that interest was no evidence of a right to run it or to say in what way it should be run as to the details of operation." *McCarthy* v. *Souther, supra*, 38.

The above quotation summarizes the reasons for denying recovery against the master in the case in which it appears, and the words are fully as applicable to the facts in the instant case as they were to the facts in the case in which they were used. It follows that the defendant's motion for a nonsuit was properly granted.

As an admission that the defendant retained the right to direct or control its employees of Anderson's class the plaintiff offered evidence to the effect that the defendant had taken out a policy of liability insurance covering its liability arising out of the operation by its employees of their own cars and that this policy was in force at the time of the accident. He also offered to prove that notice of the accident had been given by the defendant to its liability insurer and that the defence of this case had been undertaken, in part at least, by that insurer. This evidence was received by the court in chambers in the absence of the jury. It does not appear what use, if any, the court made of it in passing upon the motion for nonsuit, but this is immaterial because in our opinion the evidence is incompetent.

While there appears to be some authority in this country in favor of the admissibility of evidence of this sort, (*Perkins* v. *Rice*, 187 Mass. 28; *Robinson* v. *Hill*, 60 Wash. 615; *Barg* v. *Bousfield*, 65 Minn. 355; *Davis* v. *Company*, 180 N. C. 74; *Brower* v. *Timreck*, 66 Kan. 770), there is also authority *contra*. 1 Wigmore, Evidence, (2d *ed.*), *s.* 282; and *s.* 282 (*a*) in the 1934 Supplement to the above text, and cases cited in the notes. In our opinion the authorities cited last above are supported by the better reason.

To say that one is liable for an injury because he has taken steps to protect himself in case he might be found to be liable is to beg the question. We fail to see how the purchase of a policy of liability insurance can have any logical bearing on the legal liability of the insured.

The situation in respect to insurance in the case at bar is analogous to the situation considered by this court in the recent case of *Christie* v. *Company*, 87 N. H. 236. In that case we held that no inference of culpability could be drawn from the fact that the defendant promptly investigated an accident. We see no reason why such an inference could be drawn from the purchase of insurance when it could not be drawn from an investigation of the facts.

*Exception overruled.*

All concurred.