DOCIA M. BROWN AND SEMERIAN B. BROWN, PLAINTIFFS-RESPONDENTS, v. WALTER H. KREMER, DEFENDANT, AND OLSON ROOFING COMPANY, INC., DEFENDANT-APPELLANT.

MABEL WITHERSPOON, PLAINTIFF-RESPONDENT, v. WALTER H. KREMER, DEFENDANT, AND OLSON ROOFING COMPANY, INC., DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided February 13, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiffs-respondents, *Thomas F. Shebell*.

For the defendant-appellant, *Sherman A. Manning*.

The opinion of the court was delivered by

CASE, J. Judgments were awarded by the judge of the District Court of the First Judicial District of the county of Monmouth in favor of the respective plaintiffs and against the defendants for damages arising out of an automobile collision wherein the offending car was driven and owned by defendant Kremer who was found to be an employe of Olson Roofing Company, Inc., the defendant-appellant.

There were proofs from which the following state of facts could be found. Kremer was employed by the Olson Roofing

Company, Inc., as a salesman of roofing materials. The work was of such nature that, in the performance of it, he was, to the knowledge of his employer, obliged to use an automobile. His compensation was a flat commission of ten per centum of the amount of sales made by him. He owned the automobile and paid all expenses with respect to it from his commissions. He was assigned, and confined, to the Long Branch territory, was obliged to devote his entire time to the business of his employer, to make a certain number of night calls in addition to the work by day and to report to the district office in the city of Asbury Park sometime during the day or, if the office was open, during the evening. It may be fairly inferred from the testimony that there was close co-operation between the office manager and Kremer, that the former provided the figures and information upon which the latter worked and was more or less constantly in touch with the latter as to the "prospects" upon which he was currently working. Early in the evening of April 24th, 1939, the night of the accident, Kremer and the office manager were in telephone conference. The two discussed another contract upon which the office was figuring and Kremer was given information with respect to it. The office manager asked Kremer where he was next going and was told. Kremer was then directed, if he got the contract on the last mentioned "job," to bring it in that night as the manager would be at the office. It was while Kremer was returning from that undertaking, with his samples in his car, on his direct way to report at the office that the accident occurred.

The appellant argues that the trial court erred: (a) in refusing to nonsuit as to the appellant upon the grounds, first, that Kremer was an independent contractor and, second, that if he was an employe he was not engaged in the employer's business at the time of the accident and (b) in refusing the appellant's motion for a judgment in its behalf upon the same grounds. We see but one question, namely, whether Kremer was, as a matter of law, an independent contractor; because if he was an employe, the proofs clearly, in our opinion, sustain a factual finding that at the time of the accident he was acting within the scope of his employment.

The use by a traveling salesman of his own car in the service of his principal is not of itself inconsistent with the relation of employe and employer (*Auer* v. *Sinclair Refining Co.,* 103 *N. J. L.* 372; *Demerest* v. *Guild,* 114 *Id.* 472; *Brown* v. *Paterson Central Market Association,* 5 *N. J. Mis. R.* 1035; *Craig* v. *Morgenweck,* 15 *Id.* 637); neither is the payment of compensation by commissions rather than by fixed salary. *Dunbaden* v. *Castles Ice Cream Co.,* 103 *N. J. L.* 427.

In *Lewis* v. *National Cash Register Co.,* 84 *N. J. L.* 598, this court decided that a sales agent, covering a fixed territory, under the duty to devote his whole time and best endeavors to the business and to conform to its rules and regulations, to employ such assistant salesmen and upon such terms and conditions as the principal might require, to pay all of his own expenses for traveling, office or the like, his compensation consisting of commissions upon goods sold within his territory, was a servant of the employer and not an independent contractor. The Court of Errors and Appeals, in *Giroud* v. *Stryker Transportation Co.,* 104 *Id.* 424, holding that the *status* there under review was that of an independent contractor nevertheless distinguished and approved the National Cash Register case as follows:'

"Respondent also relies, to some extent, upon the case of *Lewis* v. *National Cash Register Co.,* 84 *N. J. L.* 598, to sustain his contention that the driver, in the case at bar, was a servant, and not an independent contractor. The operator of the auto truck, in the case cited by respondent, was an agent of the company, under contract to devote his whole time and endeavors to the company's business, and agreed to conform to all of its rules and regulations. The company, thereby, not only directed the result to be accomplished, but controlled the manner in which it was to be done, and, therefore, the operator was conducting his master's affairs at the time of the accident, and a master is bound to see that his affairs are so conducted that others are not injured. It is the right to control which fixes the liability. The Supreme Court properly held that the operator of the car was a servant, and not an independent contractor. In the present case,

conditions are entirely different, for the reasons already stated."

The proofs support a factual finding that the appellant not only directed the result to be accomplished but to some extent controlled the manner in which it was to be done. Upon such a finding the *status* of Kremer was, within the doctrine of our cases, that of employe and not of independent contractor.

The judgment below will be affirmed.