EDWARD MCCRADY *v.* NATIONAL STARCH PRODUCTS, INC.

(*December* 4, 1941.)

TERRY, J., sitting.

*Harold B. Howard* (of Hering, Morris, James and Hitchens) and *Hoke B. Black* (of the South Carolina Bar) for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, Summons Case to Kent County, No. 80, January Term, 1940.

TERRY, J., charged the jury, in part, as follows:

This action was brought to recover damages for personal injuries sustained by Edward McCrady, the plaintiff, resulting from an accident which occurred at the intersection of McDaniel Avenue and Carroll Lane in the City of Greenville in the State of South Carolina.

The plaintiff in this action contends that he in the company of a friend operated a Chevrolet coach south on McDaniel Avenue at the hour of 8:30 on the evening of December 10, 1938, to a place on the westerly side of said Avenue north of Carroll Lane where a Chevrolet coupe belonging to the plaintiff had been stalled and could not be operated; that upon their arrival the plaintiff got out of the Chevrolet coach, which had at the time been operated to the rear of the Chevrolet coupe, and got into the Chevrolet coupe; from this place the Chevrolet coach pushed the Chevrolet coupe down McDaniel Avenue to the intersection of McDaniel Avenue and Carroll Lane, at which intersection the plaintiff turned sharply to the right to proceed in a westerly direction on Carroll Lane, at which place the front bumper of the Chevrolet coach became caught with the rear bumper of the Chevrolet coupe; that the right rear end of the Chevrolet coach at this time was extending out from the westerly curb line of McDaniel Avenue approximately one and one-half feet. The plaintiff contends, since the bumpers were caught, he got out of the Chevrolet coupe and proceeded to the rear of the Chevrolet coach, in order to get out some tools for the purpose of freeing the bumpers; that later he returned to the rear of the Chevrolet coach, and, while standing in the center of the rear thereof and attempting to place the tools back into the rear of that

automobile, an automobile being operated in a southerly direction by Albert Smith ran into and struck the plaintiff, breaking both of his legs, causing severe pain and suffering and injuries that are permanent in their nature. The plaintiff in this action brought this suit against National Starch Products, Inc., a corporation of the State of Delaware, the defendant herein, upon the theory that at the time this accident occurred Albert Smith was the employee of the defendant, operating his automobile with the knowledge or consent of the defendant, and at the time engaged in the furtherance of the defendant's business, and, by reason of this relationship, the plaintiff contends that the defendant is liable for the negligent act of Albert Smith in operating his automobile into and against the plaintiff, causing the injuries that the plaintiff sustained.

The facts upon which the plaintiff relies in an effort to establish the liability of the defendant are briefly as follows:

The plaintiff called Albert Smith as his witness, and the testimony of Smith revealed that quite some time prior to the date of this accident he made an agreement with the defendant company to represent it concerning the sales of starch products manufactured by the defendant in the States of Virginia, North and South Carolina, Georgia, Tennessee, Mississippi and Alabama; that the compensation or salary he was to receive for his efforts amounted to $50 per week, plus his normal expenses away from his headquarters in Greenville, South Carolina, while he was engaged in furthering the business of the defendant; that the expenses would run from $30 to $50 per week, according to the section travelled; that under his agreement with the defendant he was given entire supervision and control as to when he would call upon the trade of the defendant, as to how he would call and what time he would

call, depending, of course, upon the availability of the buyer; that Smith worked under the provisions above stated until a short time before this accident occurred, at which time he purchased an automobile and asked the defendant if it would give him an allowance for the use of his automobile when he used the same to further the defendant's business to which the defendant replied that, if he desired to use his automobile in its business, they would allow him 4 cents a mile for such use. Smith testified that at no time did the defendant have any control over the automobile whatsoever, and that it could not direct him as to how he was to operate it, or how he was to drive it; that the automobile belonged to him, and that the supervision and operation of the same was entirely within his control at all times; that his mode of transportation was entirely within his control as to whether he travelled by airplane, horseback, automobile, bus or train.

At the conclusion of the plaintiff's case the defendant moved for a non-suit based upon the following reasons:

1. That Albert Smith was not an employee of the defendant, but was an independent contractor.

2. That, although Smith was an employee of the defendant, such employment did not extend to the operation of his automobile when it was used by Smith in furtherance of the defendant's business, as, in this respect, he was an independent contractor.

3. Conceding Smith to be an employee, the defendant would not be liable, because at the time the accident occurred Smith had departed from his employment to do some acts for himself not connected with the defendant's business.

Quite an extensive brief was offered by the defendant

to support his reasons. The plaintiff cited a number of cases under which he contended that the motion of the defendant should not prevail.

The respective counsel agreed that no case could be found in this State with facts corresponding to the facts in this case as to make any former decision of this court a controlling force. It was apparent, from the contentions of the parties, that the law pertaining to the questions involved was not uniform. In order that this trial could proceed without great delay, I overruled the defendant's motion without prejudice to it, at which time the defendant produced its defense consisting of one witness, designated as the General Sales Manager of the defendant corporation, whose testimony as to the contract or agreement between the defendant and Smith, its employee, does not differ in any essential fact from the testimony of Smith. In other words, I find the testimony of the General Sales Manager of the defendant to constitute nothing more than supporting testimony to the facts that Smith had previously testified to concerning the scope of his employment with the defendant.

At the conclusion of all of the testimony produced by the plaintiff and the defendant, the defendant made a motion for a directed verdict; that is, that I should charge you that the evidence produced when considered in its entirety is not sufficient in law to justify a recovery in this case on the part of the plaintiff. The motion for the directed verdict is based upon the same reasons as was the defendant's motion for a non-suit.

It becomes my duty now to scrutinize all of the evidence that has been introduced both on the part of the plaintiff and the defendant, and to determine if, from that evidence in its entirety, sufficient evidence has been pro-

duced in law to justify me in permitting you to pass upon the merits of this case.

■ In disposing of the defendant's reasons concerning its motion for a directed verdict, it will be sufficient for me to say that in my opinion his first contention is not a tenable one, as, from the testimony, Smith must be considered as an employee of the defendant and not an independent contractor.

Before taking up the second reason it might be well to state the law pertaining thereto:

In certain jurisdictions liability is imposed upon a master for his employee's negligent operation of his own automobile when it appears that at the time of the negligent act the employee was using his automobile with the consent, express or implied, of the master, and that he was then doing his master's business and acting within the scope of his employment.

In other jurisdictions the law is found to be that the employer is liable for the negligent operation of the employee's automobile in the employer's business within the scope of employment and with the employer's express or implied consent only if the employer has control of the employee as to the management and operation of the automobile.

The plaintiff contends that the second reason of the defendant should not prevail, as he contends that the first theory as above expressed, which I have just read to you, should be adopted by this court, and, in support of his position, has cited the following cases: *Lewis v. National Cash Register Co.*, 84 *N.J.L.* 598, 87 *A.* 345; *Auer v. Sinclair Refining Co.*, 103 *N.J.L.* 372, 137 *A.* 555, 54 *A.L.R.* 623; *Brown v. Kremer*, 124 *N.J.L.* 242, 11 *A.* 2*d* 248; *Burgess v. Garvin*,

219 *Mo. App.* 162, 272 *S. W.* 108; *Singer Manufacturing Co. v. Rahn,* 132 *U.S.* 518, 10 *S. Ct.* 175, 33 *L. Ed.* 440; *Curran v. Earle C. Anthony, Inc.,* 77 *Cal. App.* 462, 247 *P.* 236; *Dillon v. Prudential Insurance Co.,* 75 *Cal. App.* 266, 242 *P.* 736; *Dunbaden v. Castles Ice Cream Co.,* 103 *N.J.L.* 427, 135 *A.* 886; *Borah v. Zoellner Motor Car Co.* (*Mo. App.*) 257 *S. W.* 145; *Fidelity Union Life Insurance Co. v. McGinnis,* (*Tex. Civ. App.*) 62 *S. W.* 2d 186; *Heintz v. Iowa Packing Co.,* 222 *Iowa* 517, 268 *N. W.* 607; *Knapp v. Standard Oil Co.,* 156 *Or.* 564, 68 *P.* 2d 1052.

The plaintiff relies strongly on the case of *Singer Manufacturing Co. v. Rahn,* cited above; however, a careful reading of the facts of that case will disclose that the employee was under the supervision of the employer, in that the employer had the right at all times to prescribe and regulate the manner in which the employee should carry out his duties, and might, if it saw fit, instruct him what route to take, or even what speed to drive. There are other cases cited by the plaintiff not included in the list above. However, in practically all of the cases cited there can be found from a careful reading of the facts actual or potential supervision or control over the employee, or that the use of the automobile of the employee was so vital to the furtherance of the employer's business that actual or potential control by the employer could be reasonably inferred.

The defendant contends that the second view as expressed above should be adopted by this court; that is, that the defendant should not be held liable in the event it did not have supervision and control over the employee as to the management and operation of his automobile. In support of its contention the defendant has cited the following cases: *Hutchins v. John Hancock Mutual Life Insurance Company,* 89 *N. H.* 79, 192 *A.* 498; *Wesolowski v. John Hancock Mutual Life Insurance Co.,* 308 *Pa.* 117, 162 *A.* 166,

87 *A. L. R.* 783; *Pyyny v. Loose-Wiles Biscuit Co.,* 253ᵢ *Mass.* 574, 149 *N. E.* 541; *Barr v. Anchorage Inn, Inc.,* 328 *Pa.* 378, 196 *A.* 21; *Manus v. Kansas City Distributing Corporation,* 228 *Mo. App.* 905, 74 *S. W.* 2d 506.

■ Admitting the general rule of law to be that an employer is liable for the negligence of his employee while engaged in the performance of the employee's duties in furthering the business of his employer, yet, when the rule is analysed, the reason for its existence will be found to be predicated upon the fact that the employee during the performance of his duties is presumably acting under the direction and control of his employer.

The testimony in this case does not affirmatively reveal, nor can a fair inference be drawn from the testimony that the defendant reserved the right to supervise or control the employee concerning the operation of his automobile while engaged in the furtherance of the defendant's business, or that the defendant reserved the right to control the manner or mode of transportation of Smith in any respect whatsoever. On the other hand, it appears that Smith owned the automobile and was entitled to its exclusive possession. Smith was to pay its cost of operation and operate it within his own discretion. The mere fact that the defendant gave to Smith 4 cents per mile when Smith used his automobile in performing his duties could not be construed as implying a liability on the defendant as to its operation or maintenance. The defendant having no right, if present, to direct Smith in the way he should use or operate his automobile, it is not liable for the way it was used or operated, as the way in which the automobile was run was the defendant's concern only in the sense of its interest in the ultimate results obtained from proper operation, and that interest was no evidence of a right to run it or to say in

what way it should be run as to the details of its use or operation.

Taking the state of the law as I have found it, together with the facts that are before me in this case, I am of the opinion that the defendant is not liable even though it had knowledge that Smith used his automobile in the furtherance of its business, unless the plaintiff proves that the defendant had the right to exercise actual or potential control over Smith concerning the operation of his automobile while in the performance of his duties as employee, or that the use of the automobile by Smith was so vital to the furtherance of the defendant's business that the defendant's right to exercise actual or potential control over Smith concerning the operation of his automobile could be reasonably inferred.

As to operation of the automobile, I place Smith in the category of an independent contractor.

The plaintiff's proof falls short of meeting the legal requirements as stated. He has failed to prove his case, and a verdict must be directed in favor of the defendant.

Many cases have been cited by counsel concerning the third contention of the defendant; however, time has not been sufficient to analyze the cases, and necessity does not require a ruling thereon.

In conclusion, may I say that in a case where injuries are most severe, as in this case, it is always the fond hope of the court that you, the jury, may pass upon the merits of the case. However, it must always be said in the furtherance of justice that each party is at all times entitled to assert his legal rights and have them passed upon, and, if

found to be within the realm of the law, upheld in a court of justice.

Therefore, in accordance with what I have heretofore said to you, I instruct you to find a verdict for the defendant.

Your verdict should be, We find for the defendant.