■ DAVID G. KELLEHER, Appellant, v STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA, Respondent.—Order unanimously affirmed, with costs. Memorandum: Plaintiff was injured when he was struck by an

automobile owned by defendant, Lynn Szematowicz, and operated by defendant, Anthony Szematowicz. At the time of the accident Anthony Szematowicz, a trainee insurance agent for State Mutual Life Assurance Co., was enroute to pick up a friend who was accompanying him to a hockey game. Plaintiff subsequently named State Mutual as a party defendant based upon the theory of *respondeat superior.* Both plaintiff and State Mutual moved for summary judgment on this issue and such judgment was entered in favor of State Mutual. While the question of whether an employee was acting within the scope of his employment so as to hold the employer vicariously liable is ordinarily one of fact for the jury's determination *(Ford v Grand Union Co.,* 240 App Div 294, 298), summary judgment is nevertheless appropriate where the facts are not in dispute and conflicting inferences do not arise from those facts *(Rappaport v International Playtex Corp.,* 43 AD2d 393; see, also, *Johnson v Daily News,* 34 NY2d 33; *Lundberg v State of New York,* 25 NY2d 467). In deciding whether this travel was within the scope of the driver's employment, the crucial test is whether the employment created the necessity for travel *(Matter of Marks v Gray,* 251 NY 90). If the travel would still have occurred even though the business purpose was cancelled, then the employer can not be held liable *(Matter of Marks v Gray, supra; Rappaport v International Playtex Corp., supra).* Although Anthony Szematowicz stated that he had hoped to convince his friend to buy an insurance policy that night, he admitted that he would have gone to the game even if his friend were unable to attend. Under such circumstances it is obvious that Szematowicz's business motive that evening did not create the necessity for his travel *(Rappaport v International Playtex Corp., supra).* Thus, summary judgment on this issue was properly granted in favor of State Mutual. (Appeal from order of Erie Supreme Court granting motion for summary judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.