Margaret **COATES**, Widow of Earl H. Coates, deceased, and Administratrix of the Estate of Earl H. Coates, deceased, **Plaintiff Below, Appellant,**

v.

Timothy S. **MURPHY and Litton Business Systems, Inc.**, a New York corporation, **Defendants Below, Appellees.**

Supreme Court of Delaware.

Oct. 14, 1970.

Arthur Inden, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff below, appellant.

F. Alton Tybout and Richard W. Pell, Tybout & Redfearn, Wilmington, for Litton Business Systems, Inc., defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The appellant, Margaret Coates, as widow and administratrix of Earl H. Coates, deceased, has appealed from a summary judgment of the Superior Court in favor of Litton Business Systems, Inc. (Litton). Mr. Coates was killed through the alleged negligence of Timothy S. Murphy, an employee of Litton, who was operating an automobile owned by himself. The Court below held, as a matter of law, that Murphy was not acting within the scope of his employment at the time of the accident. This conclusion is questioned by the appellant, who contends that this issue should be a matter for the jury.

On the date of the accident, Murphy was working for Litton as a salesman. His job was that of selling and servicing typewriters and other office equipment, using his own car for the purpose of calling upon customers. His home was at New Castle, but his assigned territory was several miles from his home. It included the northwesterly part of Wilmington and extended to the State line on the north and west. At times, it was necessary for him to visit customers in other parts of the county, chiefly to assist other salesmen. He was required to report at Litton's office in the morning, where he would receive the names and addresses of any persons who needed service or desired to discuss a purchase. At frequent times during the day, he would telephone the office to learn what other visits he should make.

Murphy's hours of employment were from 8:30 to 5:00, with an hour for lunch.

He was free to take this lunch period at any time he desired, except that he was expected to select a time which would least interfere with his visits to customers.

On the day of the accident, he stopped at a restaurant on Maryland Avenue in Wilmington solely for the purpose of calling his office. He found no messages awaiting him, and decided to go to his home in order to have lunch with his wife. His home was apparently at least six or seven miles from the restaurant. On his way to his home the accident took place. In his deposition, he testified that he expected to telephone his office against while he was at home and, if no contrary instructions were given him by telephone, to proceed to call upon the next customer on his list.

■ We approve the ruling made in Johnson v. E. I. duPont deNemours & Company, Del.Super., 4 Storey 574, 182 A.2d 904 (1962), wherein the Superior Court held that an employee was not within the scope of his employment in going to and returning from lunch. The usual test in this State is that set forth in Restatement 2d, Agency 2d, § 228:

"(1) Conduct of a servant is within the scope of employment if, but only if:

(a) It is of a kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master, and * * *.

"(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or *too little actuated*

*by a purpose to serve the master.*" (Emphasis added)

The Court below held that Mr. Murphy was not acting in the course of his employment in driving home to his lunch, and that his intention to call his office during the lunch period did not change the situation. Appellant asks us to reverse this holding, contending that a jury could find the case to be an exception to the usual rule that an employee is not within the scope of his employment while going to or coming from lunch, i. e., his intention to call his office was of sufficient benefit to his employer to justify the application of the "dual purpose" rule, as set forth in cases like Gipson v. Davis Realty Company, 215 Cal. App.2d 190, 30 Cal.Rptr. 253.

In *Gipson,* the employee was on a business errand. His route passed within two blocks of his home. He accordingly detoured to his home for lunch and was involved in an accident. The Court held that this slight deviation was insufficient to show a departure from his course of duty and was simply a mingling of his employer's business with a purpose of his own. Under the "dual purpose" rule, the employer remained responsible for his negligence. The facts were somewhat similar to the situation in Fields v. Synthetic Ropes, Inc., Del.Super., 219 A.2d 374 (1966), in which the point here discussed was not raised.

■ In our opinion, the Court below was correct in refusing to accept this contention. It is quite clear that Murphy's purpose in going home was simply to have lunch with his wife; the anticipated telephone call was purely incidental. He did not go home for the purpose of making the telephone call; it could have been made from any place where he might have had lunch.* In short, no purpose of the employer was served by Murphy's trip to New Castle. The "dual purpose" rule

---

* The dispute as to whether he intended to call immediately upon his arrival home or after lunch is of no significance.

accordingly has no application to this case. 6 Blashfield Automobile Law and Practice 218.

The judgment below will be affirmed.