**Carl L. WILSON, Plaintiff Below, Appellant,**

v.

**JOMA, INC., d/b/a Three J's Discount Tire and Gas Center, a Delaware Corporation, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Nov. 10, 1987.
Decided: Feb. 5, 1988.

Robert Pasquale, and Arthur M. Krawitz, of Doroshow & Pasquale, Wilmington, for appellant.

F. Alton Tybout, and Sherry Ruggiero, of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellee.

Before HORSEY, MOORE and WALSH, JJ.

MOORE, Justice.

We address the so-called "dual purpose" rule regarding the potential liability of an employer for the off premises tortious acts of an employee during a lunch hour. The Superior Court granted summary judgment to the defendant Joma, Inc., holding that when the plaintiff, Carl L. Wilson, was injured by a Joma employee during the latter's lunch break, the employee was not acting within the course and scope of his employment. Because we conclude that there are material disputes of fact on this issue, the judgment of the Superior Court must be reversed.

## I.

James DeMaio was a full-time employee of Joma, Inc., d/b/a Three J's Discount Tire and Gas Center. His uncle owned the business. DeMaio's duties included pumping gas, selling tires and servicing automobiles. He also acted as the service station's manager when his cousin, the manager, was absent. In the course of a normal day, DeMaio was permitted to take a half-hour lunch break, but the time of this varied so that customers would not be inconvenienced. DeMaio was free to spend his lunch period either on or off the premises in any way he chose, and was not compensated for this half-hour.

On January 23, 1985, DeMaio ordered sandwiches for himself and one or two co-workers from a nearby sandwich shop. This was a usual routine. Typically, someone at Joma went out to pick up lunches because most employees, except those in supervisory positions, usually were not permitted to leave the station during business hours. The reason for this practice was to avoid inconvenience to Joma's customers. This routine, however, was not a formal policy, nor was it an aspect of DeMaio's employment duties, and he was not reimbursed for gas or mileage when he left the premises to pick up lunch for himself or co-workers. Nonetheless, it was DeMaio's position at Joma which allowed him to leave the station during lunch, and perform this service.

It was while DeMaio was on a lunch break getting sandwiches for himself and one or two co-workers, that his motorcycle struck the plaintiff, Carl L. Wilson, causing Wilson serious personal injuries. Joma contends that although DeMaio was its employee, he was not acting in the course and scope of his employment at the time of the accident.

Wilson contends that the issue is one for the jury, since material facts are in dispute. He argues that the "dual purpose" rule is applicable here because DeMaio was combining a personal activity, going to lunch, with the business of his employer, getting lunch for co-workers who must remain on the job to serve Joma's customers. Thus, if it can be shown that DeMaio was advancing the interests of his employer, summary judgment is inappropriate.

## II.

### A.

It is well settled that summary judgment may be granted only if, on undisputed facts, the moving party demonstrates that he is entitled to judgment as a matter of law. *Vanaman v. Milford Memorial Hospital, Inc.*, Del.Supr., 272 A.2d 718, 720 (1970). In considering the motion, the trial judge may not weigh evidence and accept that which appears to have the greater weight. *Continental Oil Co. v. Pauley Petroleum, Inc.*, Del.Supr., 251 A.2d 824, 826 (1969). Thus, if it appears from the evidence there is any reasonable hypothesis upon which the non-moving party might recover, or if there are material facts in dispute or inferences to be drawn therefrom, the motion for summary judgment must be denied. *Vanaman*, 272 A.2d at 720.

In an appeal from a summary judgment decision, this Court's scope and standard is one of de novo consideration. *Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del. Supr., 445 A.2d 927, 930 (1982). The entire record is reviewed, including the trial court's opinion. *Id.* We draw our own

conclusions as to the facts only if the findings of the trial court are clearly wrong. *Id.* Here, we conclude that there is a dispute of material facts which precludes summary judgment.

### B.

The parties substantially agree on how the accident occurred. A dispute, however, exists whether DeMaio's excursion to the sandwich shop was in the course and scope of his employment, and thus, conferred a benefit, incidental or otherwise, on his employer, Joma. Answering this question can best be done in light of the particular circumstances of the case under consideration, and generally it is a matter for the trier of fact. *Draper v. Olivere Paving & Construction Co.,* Del.Supr., 181 A.2d 565, 569 (1962).

Thus, we address the "dual purpose" rule. The test adopted in Delaware for resolving this issue is set forth in Restatement, Second, Agency § 228. *See Johnson v. E.I. duPont de Nemours & Co.,* Del.Super., 182 A.2d 904, 905 (1962). Section 228 identifies the following criteria for determining whether an employee was in the scope of his employment:

1) Conduct of a servant is within the scope of employment if, but only if:
  (a) It is of a kind he is employed to perform;
  (b) it occurs substantially within the authorized time and space limits;
  (c) it is actuated, at least in part, by a purpose to serve the master * * *
(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

The trial court found that DeMaio's activities did not comport with Section 228(1), rather it concluded that Section 228(2) was applicable to this set of facts. The trial court characterized DeMaio's conduct as being "too little actuated by a purpose to serve the master," and that he was engaged in nothing more than his own personal business when the accident occurred.

The dual purpose rule was first articulated in *Ryan v. Farrell,* 208 Cal. 200, 280 P. 945 (1929): "[W]here the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master." This rule was later followed and applied in *Gipson v. Davis Realty Co.,* 215 Cal.App.2d 190, 30 Cal.Rptr. 253 (1963), a case cited and adopted by this Court in *Coates v. Murphy,* Del.Supr., 270 A.2d 527, 528 (1970).

■ From the dual purpose rule it follows that conduct of an employee, although done in part to serve the purposes of the servant or a third person, may be within the scope of employment if the employer's business actuates the employee to any appreciable extent. *Best Steel Bldgs., Inc. v. Hardin,* Tex.Civ.App., 553 S.W.2d 122, 128 (1977). The mere fact that the primary motive of the servant is to benefit himself or a third person does not cause the act to be outside the scope of employment. *Id.*

■ We recognize that picking up sandwiches was not part of DeMaio's official duties, nor was it necessarily a formal policy at Joma for an employee to do so. It was, however, Joma's policy to minimize the number of employees leaving the premises during business hours so that customer service would not be interrupted. Moreover, merely because DeMaio was on his lunch break does not exclude the possibility that he was acting within the scope of his employment or for the benefit of his employer. *Coates,* 270 A.2d at 528.

■ A jury might properly find the dual purpose rule applicable here. The record can be read as Joma having a firm policy that all employees must eat lunch on the job; such requirement was for the convenience of customers, and thus served Joma's interest; and that DeMaio was serving that purpose in picking up lunch, not only for himself but his co-workers.

*Coates,* 270 A.2d at 528. Finally, the grant of summary judgment is further weakened by DeMaio's own pretrial testimony on these matters. It is both equivocal and somewhat inconsistent. Under such circumstances summary judgment should be entered only when the defendant has demonstrated that there is no conflict in the factual contentions of the parties. *Watson v. Shellhorn & Hill, Inc.,* Del.Supr., 221 A.2d 506, 508 (1966).

Given the foregoing, we must conclude that the grant of summary judgment was inappropriate. The judgment is RE-VERSED.