JOYCE CLOUGH, Plaintiff Below, Appellant,
v.
INTERLINE BRANDS, INC., and WILMAR, a/k/a WILMAR INDUSTRIES, Defendants Below, Appellees.
No. 549, 2006.
Supreme Court of Delaware
Submitted: April 11, 2007.
Decided: May 1, 2007.
Before HOLLAND, JACOBS and RIDGELY, Justices.
RANDY J. HOLLAND, Justice.
1) This first day of May 2007, it appears to the Court that: 1) The plaintiff-appellant, Joyce Clough, appeals from the Superior Court's grants of summary judgment in favor of the defendants-appellees, Interline Brands, Inc. and Wilmar, a.k.a. Wilmar Industries. Clough argues that two exceptions to the "premises liability" rule are applicable to this case and, therefore, summary judgment was improper. We find no merit to either argument. Therefore, the judgments of the Superior Court are affirmed.
2) On September 9, 2003, Clough's vehicle was struck in the rear by William F. Comly, Jr. As a result of the accident, Clough sustained physical injuries. Comly, a New Jersey resident, worked for Interline as a sales representative. At the time of the accident, Comly had completed his last sales appointment for the day and was on his way home.
3) Comly used his personal vehicle for his sales visits and purchased his own insurance policy for the automobile. Comly was not reimbursed for any vehicle expenses by his employer. He did not work set hours, but instead, had to visit a specific number of sales calls per day. Comly testified that he believed that his workday ended upon completion of his last sales visit. That testimony was supported by Comly's supervisor.
4) The appellees moved for summary judgment on the basis that Comly was not acting within the scope of his employment at the time of the accident and therefore, his employer could not be liable for any alleged negligence. The Superior Court agreed and entered summary judgment in favor of the employer. Following the entry of that judgment, a settlement was reached between Clough and Comly. Clough then filed this appeal challenging the judgments entered in favor of the employer.
5) Clough first contends that an employee with a semi-fixed place of employment is acting within the scope of his employment when returning to his residence. Clough relies on Barnes v. Towlson for this proposition.[1] In Barnes, the Superior Court recognized an exception to the general rule that an employer is not liable for the torts of its employee while the employee drives to and from work.
"[A]n exception to this rule would exist, in case of an employee who uses his car in furtherance of his work and while he is driving to a business appointment, since such a person is working and under his employer's control from time he leaves the house in the morning until he returns at night."[2]
6) Clough further contends that although the driver in Barnes was driving to a business appointment, it should be of no consequence that Comly was driving from a business appointment. However, that point is a fact of consequence because both Comly and his employer agree that his work day was complete before the motor vehicle accident. The record supports the Superior Court's determination that Comly was not acting within the scope of his employment when the accident occurred. Both Comly and his supervisor testified that his workday was complete upon finishing his last sales visit. Comly also testified that he was on his way to his home. Thus, Clough's reliance on Barnes is misplaced.
7) Clough's second argument is that the dual purpose rule applies in this case. The dual purpose rule was explained in Wilson v. Joma, Inc.:[3]
"[W]here the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master."[4]
8) The dual purpose rule requires that the employee be serving some interest of the employer. In this case, there is nothing in the record to suggest that Comly was doing anything other than driving home. In other words, he was serving no interest of the employer. In that regard, this case is similar to Coates v. Murphy.[5] In Coates, an employer was found not to be vicariously liable when an employee was involved in an accident on his way to meet his wife for lunch. The court reasoned that "no purpose of the employer was served by Murphy's trip to New Castle."[6] Similarly, the record does not reflect that any purpose of the employer was served in this case at the time of the accident between the vehicles being operated by Clough and Comly.
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Superior Court are affirmed.
NOTES
[1] Barnes v. Towlson, 405 A.2d 137 (Del. Super. 1979) (citing Rappaport v. Int'l Playtex Corp., 352 N.Y.S.2d 241 (N.Y. App. Div. 1974)). Clough also relies on Devine v. Advanced Power Control, Inc., 663 A.2d 1205 (Del. Super. 1995). Devine is a worker's compensation case. As the Superior Court explained, "the doctrines relating to potential liability of employers to employees applicable in the case law of workers compensation claims do not pertain to the present case." Clough v. Comly, C.A. No. 05C-03-263, Cooch, R.J. (August 31, 2006) (citing 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 1.02 (2006))."
[2] Barnes v. Towlson, 405 A.2d at 140.
[3] Wilson v. Joma, Inc., 537 A.2d 187, 189 (Del. 1988).
[4] Id.
[5] Coastes v. Murphy, 270 A.2d 527 (Del. 1970).
[6] Id. at 528.