IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN REESE, | : | |
| | : | C.A. No: K15C-09-030 RBY |
| Plaintiff, | : | In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| TRIPLE D. TRUSS, LLC, L&S TRUSS | : | |
| HAULING, INC., and NORTHEAST | : | |
| AGRI SYSTEMS, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| NORTHEAST AGRI SYSTEMS, | : | |
| | : | |
| Defendant/Third-Party | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BROOKS WALSTON, | : | |
| | : | |
| Third-Party Defendant. | : | |

*Submitted: October 4, 2016*
*Decided: November 28, 2016*

*Upon Consideration of Defendant Triple D. Truss, LLC's*
*Motion to Dismiss*
DENIED

**ORDER**

Craig T. Eliassen, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

William A. Crawford, Esquire, and Eric Scott Thompson, Esquire, Franklin & Prokopik, Wilmington, Delaware for Defendant Triple D. Truss, LLC.

Roger D. Landon, Esquire, Murphy & Landon, Wilmington, Delaware for Defendant L&S Truss Hauling, Inc.

David L. Baumberger, Esquire, Chrissinger & Baumberger, Wilmington, Delaware for Defendant and Third-Party Plaintiff Northeast Agri Systems.

Jeffrey Brooks Walston, *Pro se*.

Young, J.

## SUMMARY

Ryan Reese ("Plaintiff") filed an action to recover from Triple D. Truss, LLC ("Defendant"); L&S Truss Hauling, Inc.; and Northeast Agri Systems ("Co-Defendants") for injuries he sustained when he fell off of the top of a chicken house while constructing its roof. Defendant filed a Motion to Dismiss the case for failure to state a claim. Because it is reasonably conceivable that Plaintiff may recover from Defendant, Plaintiff's Complaint states a claim upon which relief may be granted. Discovery is at a very early stage, and factual issues remain outstanding at this point. Therefore, Defendant's Motion to Dismiss is **DENIED**.

## FACTS AND PROCEDURE

On July 8, 2014, Plaintiff was helping to construct the roof of a chicken house. Defendant either only manufactured the trusses used for the roof of the chicken house or was involved in the manufacture of the trusses and the construction of the roof itself with Co-Defendants. That factual determination has not yet been made. Plaintiff fell from the top of the chicken house as he was constructing its roof. Plaintiff alleges that as a result of his fall he sustained an L5 spinal fracture and a fractured tail bone.

Plaintiff filed a Complaint on September 22, 2015, alleging that Defendant was negligent in a variety of regards. A Third-Party Complaint was filed against Jeffrey Brooks Walston ("Third-Party Defendant") on November 25, 2015. On October 3, 2016, Defendant filed a Motion to Dismiss under Superior Court Rule 12(b)(6) in this Court.

## STANDARD OF REVIEW

The Court's standard of review on a motion to dismiss pursuant to Superior

Court Civil Rule 12(b)(6) is well-settled. If the complaint and facts alleged are sufficient to support a claim on which relief may be granted, and factual issues are outstanding, the motion is not proper and should be denied.[1] The test for sufficiency is a broad one.[2] If any reasonable basis can be formulated to allow Plaintiff's recovery, the motion to dismiss must be denied.[3]

## DISCUSSION

An employer is vicariously liable for the actions of his employee when his employee is at fault for an injury, while acting within the scope of employment.[4] Defendant argues that, in this case, Plaintiff is not liable for negligence, since it was merely a manufacturer, and Plaintiff has not asserted a defect in the manufacturing process. Plaintiff contends that Defendant is liable since it was responsible for providing trusses, a crane, and a crane operator to assist in building the chicken house roof. Since, at this early stage, it is reasonably conceivable that the crane operator could have been at fault, that the Defendant may have employed the crane operator, or that the crane operator may have been acting within the scope of his employment; Defendant could be liable in negligence to Defendant. Therefore, Defendant's Motion to Dismiss must be **DENIED**.

---

[1] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[2] *Id*.

[3] *Id*.

[4] Fisher v. Townsends, Inc., 695 A.2d 53, 58 (Del. June 11, 1997).

4

## A. The Crane Operator May be at Fault for the Plaintiff's Injuries

The elements of negligence are duty, breach, causation and harm.[5] If the crane operator owed a duty to Plaintiff, may have breached that duty, may have caused Plaintiff's injuries, and may have caused harm to Plaintiff, the crane operator could be liable under a negligence theory.

### 1. The Crane Operator's Duty to Plaintiff

A crane operator on a construction site may have a duty to maintain proper lookout and exercise a degree of care necessary to prevent injury to his fellow construction workers.[6] In *Hitchens v. Cannon & Cannon, Inc.*, while deciding that a lower court gave proper jury instructions, the Delaware Supreme Court held that a crane operator owed the two duties stated above,[7] because doing so would encourage operators to maintain vigilance in their operation of machinery.[8] There, the crane operator was attempting to move a beam on the fifth floor of a building while a construction worker was standing near the beam.[9] The crane operator hit the construction worker with the beam, causing him to fall four stories to the ground.[10]

---

[5] Hudson v. Old Guard Ins. Co., 3 A.3d 246, 250 (Del. Aug. 12, 2010).

[6] Hitchens v. Cannon & Cannon, Inc., 588 A.2d 1142, 3 (Del. Mar. 1, 1991).

[7] *Id.*

[8] Carnes v. Winslow v. Eachus, 182 A.2d 19, 21 (Del. May 22, 1962). Note, the Hitchens case did not explicitly state a rational. Instead, it cites to a case involving an auto accident which assigns to the defendant a duty to maintain a proper lookout for the same reason stated in the test.

[9] Hitchens, 588 A. 2d at 1-2.

[10] *Id.*

5

Plaintiff's set of facts is similar to those found in *Hitchens*. In this case, Plaintiff alleges that the crane operator moved a truss that caused a series of other trusses to fall and knock Plaintiff to the ground. Plaintiff was working in construction high above the ground, in a situation in which the vigilance of the operators of machinery around him impacted his safety. Thus, the crane operator in this case could be shown to have been under an obligation to maintain proper lookout and exercise a degree of care necessary to prevent injury to his fellow construction workers.

### 2. The Crane Operator May Have Breached This Duty

The Complaint alleges that the crane operator failed to maintain communication with Plaintiff and otherwise failed to exercise due care under the circumstances. If these allegations are true, then the crane operator may have breached his duty to maintain proper lookout and exercise a degree of care necessary to prevent injury to his fellow construction workers.

### 3. The Crane Operator May Have Caused the Harm to the Plaintiff

Delaware follows the "but for" rule of causation. This means "the defendant's conduct is a cause of the event if the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event, if the event would have occurred without it."[11]

Here there is presently no evidence before the Court indicating that Plaintiff sustained a relevant injury prior to this accident. Thus, the crane operator may be found to have caused the harm to the Plaintiff.

---

[11] Culver v. Bennett, 588 A.2d 1094, 1097 (Del. Mar. 21, 1991).

## B. The Defendant May Have Employed the Crane Operator

Plaintiff's Complaint alleges that Defendant was responsible for providing a crane operator. Defendant has not yet even responded. Certainly, no discovery exists to determine that issue. Under these circumstances, there is a possibility that Defendant employed the crane operator.

## C. The Crane Operator May Have Been Operating the Crane Within the Scope of his Employment with Defendant

Conduct is within the scope of employment if it is of a kind that an employee was employed to perform, it occurs substantially within the authorized time and space limits, and is actuated at least in part by a purpose to serve the master.[12]

The crane operator's actions in this case could fit within the confines of the respondeat superior test. At this stage of the proceedings, it is possible that improperly moving a truss could have been actuated by an employer's desire that the crane operator move the truss.

## CONCLUSION

Since it is reasonably conceivable at this stage that the crane operator may have been at fault, that the Defendant may have employed the crane operator, or that the crane operator may have been acting within the scope of employment; Defendant could be liable in negligence to Defendant. Therefore, Defendant's Motion to Dismiss must be **DENIED** at this time, without prejudice against filing again following sufficient discovery and determination of factual issues.

---

[12] Wilson v. Joma, Inc., 537 A.2d 187, 189 (Del. Feb. 5, 1988).

*Reese v. Triple D. Truss, LLC, et al.*
*C.A. No. K15C-09-030 RBY*
*November 28, 2016*

   **IT IS SO ORDERED.**

           /s/ Robert B. Young
                 J.


RBY/lmc
*Via File & ServeXpress*
cc:  Counsel
    Jeffrey Brooks Walston (*via U.S. Mail*)
    Opinion Distribution