IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEBRA LYNN JANESS and : 
RAYMOND JANESS, : C.A. No. K15C-08-027 WLW
 : Kent County
Plaintiffs, :
 :
v. :
 :
ENEMIAS M. RAMIREZ, TODD :
A BURGER, and TODD A. BURGER:
d/b/a GREEN BLADE IRRIGATION :
& TURF CARE, LLC, :
 :
Defendants. :

Submitted: April 7, 2017
Decided: June 22, 2017

**ORDER**

Upon Defendant Burger's Motion for Summary Judgment.
*Denied.*

Michael J. Malkiewicz, Esquire of Barros McNamara Malkiewicz & Taylor, P.A., Dover, Delaware; attorneys for Plaintiffs.

David C. Malatesta, Jr., Esquire and Aman K. Sharma, Esquire of Kent & McBride, P.C., Wilmington, Delaware; attorneys for Defendant Todd A. Burger, individually and d/b/a Green Blade Irrigation & Turf Care, LLC.

WITHAM, R.J.

Before the Court are a motion for summary judgment filed by Defendants Todd Burger and Todd Burger d/b/a/ Green Blade Irrigation & Turf Care, LLC (collectively "Burger") and a response in opposition filed by Plaintiffs Debra and Raymond Janess ("the Plaintiffs"). After considering the motion and response, it appears that the motion must be denied.

## FACTUAL BACKGROUND

This lawsuit arises out of a collision that is alleged to have occurred on Saulsbury Road just north of West North Street in Dover, Delaware. The collision occurred on Saturday, September 7, 2013, around 9:15 p.m. Employee Ramirez ("Ramirez") was driving a truck owned by Green Blade Irrigation & Turf Care, LLC, his employer, when he struck Debra Janess' vehicle from the rear. Mrs. Janess' vehicle had been stopped for a red light in the left turn lane.

According to documents provided by Burger, Ramirez was off the clock at the time of the collision and was neither his agent nor a permissive operator of his company's truck. Ramirez was likewise neither a named insured nor an additional insured on the insurance policy that covered the truck. Burger also provided a document purporting to be a transcript of a recorded phone call with Ramirez, in which Ramirez stated he did not have permission to use the truck.

According to an affidavit provided by the Plaintiffs, however, Ramirez and his passenger were seen at the scene of the collision wearing clothes that were covered with dirt and soil.

The suit alleges negligence and recklessness by Ramirez and, under a theory

2

of respondeat superior, by Burger. Respondeat superior liability is premised on the allegation that Ramirez was Burger's agent at the time of the collision.

Burger moved for summary judgment, which the Plaintiffs opposed. This is the Court's decision on Burger's motion.

## THE PARTIES' CONTENTIONS

Burger argues that he is entitled to summary judgment on the ground that Ramirez was not his agent, servant, or employee because he had no implied or express permission to use the truck that night. He bases his argument on (1) the fact that Ramirez was not a named or additional insured on the auto policy, (2) Burger's own affidavit that Ramirez was not his agent, (3) a transcribed phone call in which Ramirez allegedly admitted he was not allowed to use the vehicle and was going to Walmart to go shopping, and (4) a purported timesheet showing that Ramirez was not "clocked in" at the time of the collision. Thus, he argues, there is no genuine issue of fact for the jury.

In opposition, the Plaintiffs argue that there are genuine issues of fact that need to be investigated in pretrial discovery. The Plaintiffs contend that Ramirez was operating the truck with permission from Burger ("and therefore the truck was insured at the time of the accident").[1] They base their argument on (1) the fact that the company's insurance carrier investigated the accident, allegedly paid for the property damage, and offered to settle the Plaintiffs' bodily injury claim; (2) their

---

[1] Because no insurer is a party to these proceedings, it is unclear what relevance the truck's insurance has to whether Ramirez was an agent at the time of the collision.

assertion that the recorded statement of Ramirez is not credible; and (3) Debra Janess' affidavit that Ramirez and his passenger were covered in dirt and soil. The Plaintiffs also question the credibility of Burger's affidavit.

## STANDARD OF REVIEW

Summary judgment will be granted when, viewing all of the evidence in a light most favorable to the nonmoving party, the moving party demonstrates that "there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[2] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[3] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[4]

"The judge who decides the summary judgment motion may not weigh qualitatively or quantitatively the evidence adduced on the summary judgment record. . . . If the matter depends to any material extent upon a determination of credibility, summary judgment is inappropriate."[5]

---

[2] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Benge v. Davis*, 553 A.2d 1180, 1182 (Del. 1989)); *see also* Super. Ct. Civ. R. 56(c).

[3] Super. Ct. Civ. R. 56(c).

[4] *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797, 802 (6th Cir. 1957)).

[5] *Cerberus Int'l Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002).

## DISCUSSION

The parties have conflated two separate issues: whether Ramirez was an agent of Burger and whether Ramirez was operating Burger's vehicle with implied or express permission. It is well-settled in Delaware that a vehicle owner is not vicariously liable for the negligence of a permissive operator on the basis of ownership alone.[6] Even if Ramirez was driving with Burger's permission, that fact alone would not establish that Burger is vicariously liable for any negligence by Ramirez.

Instead, under the doctrine of respondeat superior, a vehicle owner is liable for negligent operation of his vehicle when the operator is his agent or servant.[7] A driver is the owner's agent or servant if, at the time of the accident, he was "engaged in the master's business or pleasure with the master's knowledge and direction."[8]

The dispositive issue, then, is whether Ramirez was Burger's agent at the time of the collision. There is insufficient evidence on this record to answer that question with any certainty, much less as a matter of law. "The question of whether a tortfeasor is acting within the scope of his employment is fact-specific, and, ordinarily, is for the jury to decide."[9] An employee's act falls within the scope of

---

[6] *Lefebvre v. Delmar Appliance of Del., Inc.*, No. 98C-01-026, 2001 WL 392389, at *1 (Del. Super. Ct. Mar. 23, 2001) (quoting *Finkbiner v. Mullins*, 532 A.2d 609, 615 (Del. Super. Ct. 1987)).

[7] *Id.* (quoting *Finkbiner*, 532 A.2d at 615).

[8] *Id.*

[9] *Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200 (Del. 2015) (quoting *Doe v. State*, 76 A.3d 774, 776 (Del. 2013)).

employment if:

> (1) it is of the kind he is employed to perform; (2) it occurs within the authorized time and space limits; (3) it is activated, in part at least, by a purpose to serve the master; and (4) if force is used, the force is not unexpectable by the master.[10]

A necessary corollary to the rule is that "[c]onduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."[11]

The parties' evidence suggests a question of material fact. Burger's evidence, if accepted, does tend to show that Ramirez was not his agent and also not a permissive operator of his truck. But the Court is unable to weigh some of the unauthenticated evidence that Burger has presented, particularly the timesheet and the recorded statement by Ramirez. And it is unable to assess the credibility of Burger's affidavit.

More importantly, the Court's function on summary judgment is to draw every reasonable inference in favor of the *non-movant*, and here the non-movant has presented evidence which suggests that Ramirez may indeed have been acting as an agent. Ramirez was driving a vehicle owned by Burger's landscaping business. In her affidavit, Debra Janess has sworn that she observed Ramirez and his passenger

---

[10] *Id.* (quoting *Doe*, 75 A.3d at 776); *cf. Wilson v. Joma, Inc.*, 537 A.2d 187, 189 (Del. 1988) (quoting *Restatement (Second) of Agency* § 228 (1958)).

[11] *Wilson*, 537 A.2d at 189 (quoting *Restatement (Second) of Agency* § 228(2).

wearing "clothing . . . that was covered in dirt and dry mud and their arms and faces were also dirty."[12] Regardless of any evidence Burger has presented to the contrary, this sworn allegation leads to a reasonable inference that Ramirez was in the course of performing Burger's landscaping business at the time of the collision.

The Court affords no consideration, however, to the Plaintiffs' argument that the company's insurance carrier settling the property damage claim and offering to settle the bodily injury claim "demonstrates that Farm Family found evidence of 'permissive use.'"[13] "Evidence of . . . furnishing or offering or promising to furnish . . . . a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for . . . the claim or its amount."[14] It is not admissible here to demonstrate that the insurance carrier viewed the claim as valid or to establish the predicate question of whether Ramirez was a permissive operator.

Despite the specious argument on the question of insurance, the Plaintiffs have demonstrated that there is a question of material fact. Because the Plaintiffs have adduced some competent evidence which could give rise to an inference that Ramirez was Burger's agent, summary judgment is inappropriate.

---

[12] Pls.' Resp. to Def. Burger's Mot. for Summ. J Ex. C. ¶ 3.

[13] Pls.' Resp. to Def. Burger's Mot. for Summ. J. ¶ 3(a).

[14] D.R.E. 408.

## CONCLUSION

This is not a close case. The Plaintiffs' affidavit raises a question of material fact, and the motion for summary judgment is thus **DENIED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

8