# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| THERESA M. CODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-09-035 CEB |
| | ) | |
| DAVID N. HARDY, | ) | |
| IAN SIMPKINS, MIAMI-DADE | ) | |
| COUNTY, ANTHONY J.M. | ) | |
| MITCHELL, JR., and TRAVELERS | ) | |
| CASUALTY INSURANCE CO. | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: July 20, 2017
Decided: October 31, 2017

## MEMORANDUM OPINION

*Upon Consideration of Defendant Miami-Dade
County's Motion for Summary Judgment.*
**DENIED.**


Heather A. Long, Esquire, KIMMEL, CARTER, ROMAN, PELTZ & O'NEILL, Christiana, Delaware. Attorney for Plaintiff.

Michael Busenkell, Esquire, GELLERT SCALI BUSENKELL & BROWN, LLC, Wilmington, Delaware. Attorney for Defendant Miami-Dade County.

Donald M. Ransom, Esquire and Michael J. Hendee, Esquire, CASARINO CHRISTMAN SHALK RANSOM & DOSS, P.A., Wilmington, Delaware. Attorneys for Defendants David N. Hardy and Ian Simpkins.

**BUTLER, J.**

# INTRODUCTION

This is a personal injury action arising from two separate motor vehicle accidents, only one of which is at issue here. Plaintiff Theresa Cody ("Plaintiff") alleges that she sustained personal injuries after her vehicle collided with a vehicle operated by Defendant David N. Hardy ("Hardy") and rented by Defendant Ian Simpkins ("Simpkins"). Plaintiff also named Hardy and Simpkins' employer, Miami-Dade County ("Miami-Dade County" or "the County"), as an additional defendant under the theory of *respondeat superior*.[1]

Miami-Dade County filed a Motion for Summary Judgment, arguing that Hardy was not acting within the course and scope of his employment when the accident occurred and therefore, the County could not be held liable for any alleged negligence.

Because the Court finds that a genuine issue of material fact exists as to whether Hardy was acting within the course and scope of his employment with Miami-Dade County at the time of the accident, Miami-Dade County's Motion for Summary Judgment is **DENIED**.

---

[1] In addition to vicarious liability, Plaintiff asserted independent theories of Miami-Dade County's liability, including negligent training, screening, and hiring. *See* Compl. ¶ 7.

## FACTUAL BACKGROUND

On October 14, 2014, Plaintiff and Defendant Hardy were involved in a car accident on Center Meeting Road in New Castle County, Delaware.[2] According to Plaintiff, the collision occurred due to Defendant Hardy's negligence when he turned left into the lane Plaintiff was driving in.[3] Plaintiff alleges that as a result of the accident, she has sustained serious injuries and damages for which she seeks compensation.[4]

Defendant Hardy is employed by Miami-Dade County as a Historic Landscapes Specialist at Vizcaya Museum and Gardens in Florida. At the time of the accident, Hardy was in Delaware to attend the American Public Gardens Association Historic Landscapes Symposium. Hardy's supervisor, Defendant Simpkins, was also in Delaware to attend the Symposium. Attendance at the Symposium was the sole purpose of Hardy and Simpkins' visit to Delaware.[5]

---

[2] The record is unclear as to exactly what time the accident occurred. In her Complaint, Plaintiff states that the collision occurred "at or around 5:50 p.m." Compl. ¶ 1. However, Plaintiff has also submitted the transcribed recording of Defendant Hardy's statement to the insurance company, in which Hardy estimates that the collision occurred "around 4:45 in the afternoon." Defendant Hardy's transcribed recorded interview, Ex. C to Pl.'s Resp. at 2.

[3] Compl. ¶ 1.

[4] *Id.*

[5] David N. Hardy Aff. ¶ 3, Ex. B to Defs. Hardy and Simpkins' Resp. [hereinafter "Hardy Aff."]; Ian Simpkins' Aff. ¶ 3, Ex. C to Defs. Hardy and Simpkins' Resp. [hereinafter "Simpkins Aff."].

Hardy and Simpkins' employment with the County involves traveling to and participating in relevant symposia like the one in question. In fact, attendance at such symposia is a recognized basis upon which Hardy and Simpkins are evaluated as a part of their employment with the County.[6]

For their attendance at this particular Symposium, Miami-Dade County paid both Hardy and Simpkins "educational leave." According to the County's own leave manual, "[e]ducational leave may be approved for an employee to attend training and educational courses, conferences, and seminars, *where such attendance is expected to benefit the County*. Educational leave is considered as time worked."[7]

The Symposium was held at the Winterthur Museum, Garden and Library in New Castle County, Delaware. The County reimbursed Hardy and Simpkins for their travel expenses, including airfare, the rental vehicle involved in the accident at issue, fuel, and per diem for food and lodging. Both Hardy and Simpkins stayed in housing on the Winterthur property. Because of their attendance at the Symposium, Hardy and Simpkins (and ultimately, the County) received a reduced lodging rate.

Because food was not available on-site for all meals, Hardy and Simpkins contend that buying groceries was necessary during their stay. The accident at issue

---

[6] Hardy Aff. ¶ 4; Simpkins Aff. ¶ 4; Miami-Dade County Management Appraisal Form, Ex. B-1 to Defs. Hardy and Simpkins' Resp.

[7] Miami-Dade County Leave Manual, Ex. B-2 to Defs. Hardy and Simpkins' Resp. (emphasis added).

3

occurred as Hardy was returning to the Winterthur property after picking up some groceries at a nearby grocery store.[8]

## PARTIES' CONTENTIONS

Defendant Miami-Dade County filed the instant Motion for Summary Judgment, arguing that as a matter of law, Hardy was not acting within the scope of his employment when the accident occurred and therefore, Miami-Dade County is not liable for any alleged negligence. In support of its position, the County points to the "undisputed" fact that at the time of the accident, Hardy "was on his way to buy groceries."[9] According to the County, "[i]t is also undisputed that buying groceries is not the kind of work that Hardy is employed by the County to perform."[10] Furthermore, the County contends that while it does encourage its employees to take such educational trips, the trip to this particular Symposium was not specifically required by the County as a part of Hardy or Simpkins' employment, but was instead a "voluntary trip to further professional development."[11]

---

[8] The Court notes that there is some confusion among the parties as to whether Hardy was on his way *to* the grocery store or returning *from* the grocery store at the time of the accident. This precise point is ultimately irrelevant to the Court's analysis.

[9] Def. Miami-Dade County's Mot. Summ. J. at 1.

[10] *Id.* at 1-2.

[11] *Id.* at 2.

4

Defendants Hardy and Simpkins oppose the County's Motion for Summary Judgment for two reasons. First, Hardy and Simpkins argue that the County's motion is premature because the relevant parties—including Hardy, Simpkins, and the County pursuant to a Rule 30(b)(6) deposition—have not yet been deposed on these matters. Second, they contend that a reasonable juror could find that Defendants Hardy and Simpkins were acting in the course and scope of their employment when the accident occurred.

Plaintiff also opposes the County's Motion, arguing that Hardy's grocery store trip while in Delaware was a logical and foreseeable consequence of a lengthy stay away from home and well within the scope of employment under the dual purpose rationale.[12] Plaintiff also asserts that the County benefited from Hardy and Simpkins' "attendance at the seminar on historic landscapes because it directly related to their employment as Historic Landscape Specialists."[13]

## STANDARD OF REVIEW

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14] The moving party has the initial burden

---

[12] Pl.'s Resp. at 4-5 (citing *Keating v. Goldick*, 2004 WL 772077, at *3-4 (Del. Super. Apr. 6, 2004)).

[13] Pl.'s Resp. at 6.

[14] Super. Ct. Civ. R. 56.

of showing that no material issues of fact exist, and when that is met, the burden shifts to the non-moving party to show that a material issue of fact does exist.[15] On a motion for summary judgment, the Court views all facts in a light most favorable to the non-moving party.[16] "When the facts permit a reasonable person to draw only one inference, however, the question becomes one for decision by the Court as a matter of law."[17]

## DISCUSSION

An employer is liable for the negligence of its employee if the employee's actions are within the scope of employment.[18] In determining whether an employee was acting within the scope of employment at the time of an incident, courts in Delaware follow the Restatement (Second) of Agency § 228.[19] This section provides:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;

---

[15] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

[16] *See Matas v. Green*, 171 A.2d 916, 918 (Del. Super. 1961).

[17] *Elder v. Dover Downs, Inc.*, 2012 WL 2553091, at *2 (Del. Super. July 2, 2012).

[18] *Bagdon v. Pouser*, 2012 WL 1413609, at *2 (Del. Super. Mar. 5, 2012) (citing *Fields v. Synthetic Ropes, Inc.*, 215 A.2d 427, 432 (Del. 1965); *Tell v. Roman Catholic Bishops of Diocese of Allentown*, 2010 WL 1691199, at *10 (Del. Super. Apr. 26, 2010)).

[19] *See Coates v. Murphy*, 270 A.2d 527, 528 (Del. 1970).

6

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master, and

(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.[20]

When an employee combines his personal business with that of his employer, courts in Delaware also address the dual purpose rule.[21] The dual purpose rule was explained in *Wilson v. Joma, Inc.*:[22]

[W]here the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master.[23]

Pursuant to the dual purpose rule, "conduct of an employee, although done in part to serve the purposes of the servant or a third person, may be within the scope

---

[20] Restatement (Second) of Agency § 228 (1958).

[21] *Keating v. Goldick*, 2004 WL 772077, at *3 (Del. Super. Apr. 6, 2004) (citing *Wilson v. Joma*, 537 A.2d 187, 189 (Del. 1988)).

[22] *Wilson*, 537 A.2d at 189.

[23] *Id.*

of employment if the employer's business actuates the employee to any appreciable extent."[24]  Thus, "[t]he mere fact that the primary motive of the servant is to benefit himself or a third person does not cause the act to be outside the scope of employment.[25]  Whether or not an employee's tortious act occurred within the course and scope of employment is a question of fact, which should be decided by a jury unless it is clear that no purpose of the employer could have been served.[26]

The dual purpose rule requires that the employee be serving some interest of the employer.[27]  In this case, there are facts in the record to suggest that Hardy was serving some interest of his employer, Miami-Dade County, at the time of the accident.  At the very least, it is not clear to the Court that no purpose of the County could have been served.

Hardy was approved for and paid "educational leave" for his attendance at the Symposium.  The County itself defines educational leave as that which is expected to benefit the County.  After all, Hardy was attending a Symposium on a subject matter—historic landscapes—that is directly related to his employment as a Historic Landscapes Specialist.  In fact, attendance at such symposiums is a component in

---

[24] *Id.* (citation omitted).

[25] *Id.* (citation omitted).

[26] *Litchford v. Johnson*, 2007 WL 4201130, at *2 (Del. Super. Nov. 27, 2007) (citations omitted).

[27] *Clough v. Interline Brands, Inc.*, 2007 WL 2323484, at *2 (Del. May 1, 2007) (TABLE).

8

Hardy's regular employment evaluations. Moreover, as Defendants Hardy and Simpkins point out, the County derived a benefit in the form of reduced lodging expenses by virtue of Hardy and Simpkins staying at Winterthur, which, in turn, necessitated Hardy procuring groceries.

## CONCLUSION

For the reasons stated, the Court finds that whether the accident at issue occurred while Hardy was acting in the course and scope of his employment with Miami-Dade County is a genuine issue of material fact. In viewing the facts in the light most favorable to the non-moving party, a jury might properly resolve this issue in Plaintiff's favor. Therefore, Miami-Dade County's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

Judge Charles E. Butler